PUTNAM v. LINCOLN SAFE DEPOSIT CO. et al.

(Supreme Court, Appellate Division, Third Department.   November 13, 1901.)

1. WILL — CONSTRUCTION — DECREE OF COURT OF ANOTHER STATE — BINDING EFFECT.
   A decree of a court of general jurisdiction, at testator's domicile in another state, as to the vesting of title under a will, is binding on the courts of New York.

2. SAME—TRUST—CONSTRUCTION.
   A will provided for the appointment of P. as trustee for his wife, testator's daughter, and that all moneys and property devised to the daughter should be subject to P.'s control, for the benefit of the daughter and her children, and on her death all of the property to pass to her children, including the lineal descendants of any deceased child, taking per stirpes, share and share alike. Another clause gave to each of testator's children, including the daughter, a certain sum, less advances. The residuary estate was given to testator's executors for two years, and then to his children equally, with a provision that all bequests and conditions

of the residuary estate should be subject to the limitations and conditions of the will as to each of the children. P. died in 1899, and in 1900 the beneficiary died, having devised all her estate to her son I., to the exclusion of her other sons. *Held*, that the beneficiary of the trust estate took the residuary estate under the same trust, and that she could not devise it, and that upon her death it went to her three children, in equal shares, by virtue of the original will.

Appeal from special term, Saratoga county.

Action by Robert M. S. Putnam against the Lincoln Safe Deposit Company and others to construe a will. From a decree for plaintiff (69 N. Y. Supp. 808), defendants appeal. Affirmed.

On the 10th day of February, 1885, Robert M. Shoemaker died a resident of the state of Ohio, leaving a will, which was admitted to probate in Hamilton county, Ohio, on the 14th day of February, 1885. He left five children him surviving, Robert H., Michael M., Murray C., Henrietta, the wife of one John G. Christopher, and Mary S., the wife of John R. Putnam, of Saratoga, N. Y. By the will testator made his three sons executors. The fourth, eighteenth, and twenty-first provisions of the will are as follows:

"Fourth. I will and devise to my sons, Robert H., Murray C., and Michael M. Shoemaker, to my daughters, Mary S. Putnam and Henrietta Christopher, each the sum of fifty thousand ($50,000.00) dollars, a portion of which sum of fifty thousand dollars has already been advanced to each of them, and the amount to each so advanced is charged to and against each one of them, respectively, in my book accounts, a memorandum or transcript of which advances made to each up to this date is attached hereto and made a part of this will. The residue of said sum of fifty thousand dollars, not already advanced to each of said children, less any further additional amounts that I may hereafter, before my decease, advance to each or either of them to make the full sum of fifty thousand dollars, including advances made, and that hereafter may be made, and to make them equal each to each, in this behalf is to be paid to each of them, or to .the descendants of such of them as may then be deceased, without allowing interest thereon, within six months after my death. * * *"

"Eighteenth. I further hereby appoint my son-in-law John R. Putnam as trustee for his wife, my daughter Mary, and it is my will and direction that all moneys, rents, and property of whatever kind under or by authority of this will advanced, paid to, or devised to my daughter Mary, shall, subject to the provisions of this will as to the management of my estate by my executors, pass to and be managed by my said son-in-law John R. Putnam, at his discretion, for the benefit of my said daughter Mary and her children, including the lineal descendants of any deceased child, and upon the death of my said daughter all of said property and her share in my estate shall pass to and become the property of her children, including the lineal descendants of any deceased child, taking per stirpes, share and share alike."

"Twenty-first. I give and bequeath all the residue of my estate, both real and personal, of whatever kind or wherever situated, and not hereinbefore specially devised, to my said executors in this will named, and to the survivor or survivors of them, to be held in trust for the uses and purposes following: That is to say, to hold, manage, and control, in the best and most careful manner, until the final execution of all the several duties and functions herein charged and imposed upon them, * * * held as the property of my estate entire, and be invested as herein directed, and the rents, issues, and profits, after paying taxes, insurance, and costs of management, shall, until two years after my decease, be equally divided among my five children, or, in case of the death of either of my five children, then among the surviving children, and the children, my grandchildren, of such deceased child, the child or children of such deceased child of mine to take the share of such rents, issues, and profits the deceased parent would have taken if alive, and then, at the expiration of two years after my decease, all the property, real and personal, belonging to my estate, and not in this will otherwise disposed of, and subject to the restrictions and limitations hereinbefore provided, shall

be divided, or, if sold, the property or proceeds of sale be divided, equally among my five children, share and share alike, or their lineal heirs, such heir or heirs taking only the share his, her, or their parent would have taken if alive; provided that all the bequests and conditions of this item are and shall be subject to the bequests, limitations, and conditions of this will as to each of my said children."

On the 8th day of April, 1885, Murray C. Shoemaker died intestate, leaving a widow and two minor children. In the year 1887, Robert H. Shoemaker, as surviving executor, etc., of Robert M. Shoemaker, and also as trustee under said will and individually, and Michael M. Shoemaker, as surviving executors, etc., and individually, brought an action in the court of common pleas, Hamilton county, Ohio, a court of general jurisdiction, making as defendants all persons interested under said will, including Mary S. Putnam, John R. Putnam, and their children. The action so brought was for the purpose of construing the will of Robert M. Shoemaker, deceased, and the questions presented by the petition and determined in said action were: "First. What is the nature of the estate which the children of the said R. M. Shoemaker take under said will? Secondly. What are the powers and duties of the executors of the twenty-first item touching the division of the real estate included in said residuary devise? Thirdly. * * * Fourthly. Whether or not the legacy to Murray C. Shoemaker, bequeathed to him by the fourth item of said will, and a distributive share of the estate under the twenty-first item, so vested in the said Murray C. Shoemaker as to become transmissible to his representatives, and whether or not his widow, Frances M. Shoemaker, takes any part of the property so disposed of. Fifthly. What powers, in general, have the executors in dividing of said estate?"

The court obtained jurisdiction of all the parties to the action. After a hearing in court, a final decree was entered August 11, 1887, by which it was found, among other things, "that it was the intention of the testator that the legacies mentioned in the said fourth item should vest in the said five children of the said testator, respectively, at the time of the testator's death. * * * That it was the testator's intention to vest the residue of his property not thereinbefore specifically disposed of, and consisting of both real and personal property, and being the portion of his estate mentioned in the twenty-first item of said will, in his five children, equally, at the date of his death; the proportion or share of said Robert H. Shoemaker to be held in trust. in accordance with the terms of the seventeenth item of said will, and the said share upon the death of the said Robert H. and his wife, Mary, to devolve as in said seventeenth item specified, and the share of said Mary S. Putnam to be held in trust by her husband, John R. Putnam, in accordance with the terms of the eighteenth item of said will, and to devolve on the death of said Mary S. Putnam as in the said eighteenth item specified. That the other three-fifths of said residuary estate and the income thereof vested at the death of the testator in Murray C. Shoemaker, Michael M. Shoemaker, and Henrietta Christopher, respectively, in equal shares, the real estate in fee simple, and the personal property absolutely." The said decree then refers to a condition subsequent contained in the nineteenth item of the will, which relates to a child dying without lawful issue before the period of distribution mentioned in the twenty-first item of the will, and then the decree continues: "The said Murray C. Shoemaker having died within the said period, but leaving lawful issue, and the four other children having survived said period, the estates of Murray C., Michael M., and Henrietta Christopher have become absolute and vested estates in fee simple, and not subject to any condition; * * * that the time fixed by said twenty-first item for the distribution of said residuary estate having expired February 10, 1887, and no distribution thereof having been made, the said distributees are each and all entitled to have their share distributed to them immediately as such absolute owners thereof, except Robert H. Shoemaker and Mary S. Putnam, who are entitled as above found. * * *" From this decree John R. Putnam and Mary S. Putnam gave notice of appeal, but nothing further seems to have been done in bringing the appeal to a hearing. Thereafter a division of the personal property was made by the surviving executors, and receipts taken from the different persons under said will, the receipt of

John R. Putnam being as follows: "Rec'd of Ex'rs of R. M. Shoemaker the same number of bonds as Mrs. Christopher, of same denomination and description.    Sept. 21, '87.    John R. Putnam, Trustee," etc.    On the 13th day of April, 1898, the surviving executors of Robert M. Shoemaker, deceased, executed and delivered to John R. Putnam, his heirs and assigns, forever, in trust for the benefit of his wife, Mary S. Putnam, and her children, including the lineal descendants of any deceased child, upon the terms and conditions specified in said eighteenth clause of said last will and testament of said Robert M. Shoemaker, deceased, a deed of an interest in certain property in Saratoga county, N. Y.    Thereafter, and on the 14th day of July, 1899, John R. Putnam, trustee under the last will and testament of Robert M. Shoemaker, deceased, and individually, executed and delivered a deed of the same property to his wife, Mary S. Putnam.    John R. Putnam, as trustee, had transferred most, if not all, of the personal securities to the name of Mary S. Putnam.    This was principally done shortly prior to his death.    On the 28th day of November, 1899, John R. Putnam died on shipboard at or near Hong Kong.    He left, him surviving, his widow, Mary S. Putnam, and three sons, Robert M. S. Putnam, the plaintiff herein, and John Risley Putnam and Israel Putnam, defendants herein.    This action was commenced in the summer of 1900, for the purpose of having the trust under the will of said Robert M. Shoemaker established and declared, and for the appointment of a trustee as a successor to John R. Putnam, deceased.    On the 30th day of September, 1900, Mary S. Putnam died leaving a last will and testament, and this action was changed in form to have a construction of that portion of the will of Robert M. Shoemaker relating to the trust construed, and for the division of the trust fund as between the plaintiff and his brothers, John Risley Putnam and Israel Putnam.    The personal representatives of said John R. Putnam, deceased, and of the said Mary S. Putnam, deceased, have been brought into, and made parties to, this action.    The defendant John Risley Putnam joins in the prayer of the plaintiff herein. The defendant Israel Putnam claims that there never was any title in John R. Putnam as trustee, but that the legal title to the entire fund vested in, and has always remained in, his mother, Mary S. Putnam, and passes under her will, or, in case her will is not established, then by virtue of the laws of this state relating to the descent and distribution of property in cases of intestacy.    The trial court rendered an interlocutory judgment in favor of the contention of the plaintiff and the defendant John Risley Putnam.    34 Misc. Rep. 333, 69 N. Y. Supp. 808.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

C. H. Sturges and Corliss Sheldon, pro se and for appellant Israel Putnam.

Duer, Strong & Whitehead (A. Pennington Whitehead, Edgar T. Brackett, and Nash Rockwood, of counsel), for respondent John Risley Putnam.

Stickney, Spencer & Ordway (Albert Stickney and Otto C. Wierum, Jr., of counsel), for respondent Robert M. S. Putnam.

CHASE, J.    The decisions of the courts of the state of testator's domicile, as well as the decisions of the courts of this state, hold that the intention of the testator is the polar star to guide in the construction of wills, and that such intention is to be found in the language contained in the four corners of the will (Collins v. Collins, 40 Ohio St. 353); and in its construction the intention of the testator, as gathered from the whole will, must control, when such intention is not in conflict with public policy (Carter v. Reddish, 32 Ohio St. 1), the settled rule of law (2 Law of Estates Created by Will, p. 1645), or some prohibitive statute.    The two-years period

allowed to the executors under the twenty-first clause of the will, in which they may hold the residuum for investment before division, is an incident to the convenient settling of a large estate. Robert v. Corning, 89 N. Y. 225. The law of the domicile must prevail in the interpretation of wills (Trust Co. v. Viele, 161 N. Y. 11, 55 N. E. 311, 76 Am. St. Rep. 238), and the decree of the court of common pleas of Hamilton county is binding upon the courts of this state (Smith v. Trust Co., 154 N. Y. 333, 48 N. E. 553). That court has held that the title to the property of Robert M. Shoemaker, deceased, vested in the legatees living at the testator's death.

The important question for this court to consider is whether John R. Putnam, as trustee for the benefit of his wife and her children, took the title to one-fifth of the residue of the estate of testator, or whether the title thereto vested in Mary S. Putnam, leaving John R. Putnam merely a passive trustee, without authority to do any effective act. In considering testamentary provisions, the Ohio courts have gone even further than the courts of this state in upholding trusts for the benefit of remainder interests. In Johnson v. Johnson, 51 Ohio St. 446, 38 N. E. 61, the will of testator provided:

"I give and devise unto my beloved wife and her assigns all of the remainder of my property, both real and personal, however the same may be known, or wheresoever the same may be situate, with full power to bargain, sell, convey, exchange, or dispose of the same as she may think proper; but, if at the time of her decease any of said property shall remain unconsumed, my will is that the same be equally divided between my brothers and sisters and their children, if deceased the children to have the same amount the parent would be entitled to if living."

Held, that the widow took a life estate only, and that she was by implication a quasi trustee for those in remainder, and the interest of the brothers and sisters of the testators in the unconsumed property was a vested right, which could not be destroyed by the act of the widow in disposing of the property by gift to a third party, or otherwise than for her support or the benefit of the estate. To a similar effect are the decisions in Huston v. Craighead, 23 Ohio St. 198; Baxter v. Bowyer, 19 Ohio St. 490; Watts v. Watts, 38 Ohio St. 480; and other cases. In Ide's Ex'r v. Clark, 5 Ohio Cir. Ct. R. 239, the mere words, "Should my wife die, I desire that her estate and mine be divided equally among our several children," following after an absolute gift to the wife, were held to create a trust. The court said:

"Controlling effect is due the intention of the testator, and that intention must be gathered from the entire will. * * * Where, from the entire scope of a will and all of its terms, it appears that the testator intended to charge the estate in the hands of his immediate devisee with a trust in favor of others, the court will give effect to that intention, whether the terms be in form dispositive, peremptory, or precatory only."

In Boyd's Lessee v. Talbert, 12 Ohio, 212, the will contained an absolute devise to the wife, but in another clause were directions to the executors to lease, and, after paying taxes and ground rents, to pay the proceeds to the wife. It was held that the executors took the title charged with a trust in favor of the wife.

The headnote in Greene v. Greene, 38 Wkly. Law Bul. 205, is as follows:

"The provision in a will by which the testator gives to his wife, her heirs and assigns, his whole estate, to use, enjoy, and dispose of as she shall deem best, any remainder thereof at her death to be divided between the children, share and share alike, gives a life estate to the widow only, without the power of testamentary disposition of the estate on her death."

This decision was affirmed in 57 Ohio St. 628, 50 N. E. 1129, on the authority of Johnson v. Johnson, supra.

In Morse v. Morse, 85 N. Y. 53, the court, in discussing what is necessary to a valid trust, say:

"It is not essential that the words 'trust' or 'trustee' should be used, or that there should be a direct devise in terms to the trustee, or that the authority to receive the rents and profits should be conferred in express language. It is sufficient if the intention to create a trust, under the statute, can be fairly collected from the instrument, and what is implied from the language used is, as in other instruments, deemed to be expressed. Nor will the instrument necessarily fail as a trust because the authority given could be executed by the creation of a mere power in trust."

See Donovan v. Van De Mark, 78 N. Y. 244; Cass v. Cass, 15 App. Div. 235, 44 N. Y. Supp. 186.

In Howland v. Clendenin, 134 N. Y. 305, 31 N. E. 977, testator devised and bequeathed all of his property to his eight children, naming them, and to their respective heirs, executors, administrators, and assigns, forever, to be divided equally between them, share and share alike. A subsequent provision of the will provided:

"And, with regard to the portions of my daughters, my will and direction are that my said executors, and the survivors and survivor of them, be, and I hereby constitute them and him, the trustees and trustee of the portions of my said daughters, respectively, during their respective natural lives; and I hereby give and bequeath the same to my said executors, and the survivors and survivor of them, accordingly, in trust for my said daughters, respectively. * * *"

Held, that while the language of the earlier provision of the will, standing alone, would have given an absolute estate to the daughters, the whole, read together, gave simply a life estate to each daughter, and the portion of one dying without issue was not disposed of, but would go to the heirs at law and next of kin of the testator.

In Felter v. Ackerson, 35 App. Div. 282, 55 N. Y. Supp. 7, the testator gave his residuary estate to his children, naming them, "to be divided equally between them, share and share alike." By a subsequent provision of the will, he directed that the shares to be given to two of the children named be held in trust for them, and that R. act as trustee of said property, and pay over to said children the respective incomes derived therefrom. Held that, notwithstanding that there was no express devise or bequest to the trustee, a valid trust was created in each of the shares of the sons so named, to continue during their respective lives.

By the eighteenth paragraph of the will now before us, the testator named a trustee, John R. Putnam; the property to be held in trust, —"all moneys, rents, and property of whatever kind under or by

authority of this will advanced, paid to, or devised to, my daughter Mary"; the purpose of the trust, "for the benefit of my said daughter Mary and her children"; the term of the trust, until "the death of my said daughter"; the remainder interests to take upon the termination of the trust,—"her children, including the lineal descendants of any deceased child, taking per stirpes, share and share alike." All the elements of a valid trust are in said paragraph stated. The intention of the testator to give to the children of his daughter Mary, his grandchildren, a remainder interest in what he calls "her share in my estate," is sufficiently plain to uphold the trust for the purpose of carrying out such intention of the testator.

The seventeenth paragraph of the will is as follows:

"Seventeenth. I also hereby devise and will that all advances, devises, rents, and bequests in this will made, provided for or devised to my son Robert H., are and shall be held by him in trust only for the support and benefit of his wife and children, including therein his lineal descendants, he, my son and his wife, to have during their natural lives their support only out of said advances, devises, rents, and bequests, and all income thereof to be so used, and in the maintenance and education of the children of my said son Robert H., and, upon the death of said son and his wife, all of said devises and bequests shall pass to and become the property of his children, or the descendants of any deceased child, taking per stirpes, share and share alike."

The intention of the testator in this paragraph to give the title of the share which he refers to as "provided for or devised to my son Robert H.," to the trustee, as therein stated, is not disputed by the appellants herein. Under the authorities of the state of Ohio, Robert H. Shoemaker, individually, did not have title to any part of his share in the estate. The meaning of the testator in the twenty-first paragraph of the will, directing, in regard to the division of his estate, where he uses the words, "divided equally among my five children, share and share alike," must be ascertained, after giving effect to all of the other provisions of the will. It is clear that he did not mean by such words to give to his son Robert H. Shoemaker the title to one-fifth of the estate. Consequently, in considering the eighteenth paragraph of the will, such words so used in the twenty-first paragraph of the will should not be construed as tending to show that the title of the one-fifth referred to in said eighteenth paragraph of the will is vested absolutely in his daughter Mary S. Putnam. Greater importance should be given to other parts of the twenty-first paragraph, namely, the words, "subject to the restrictions and limitations hereinbefore provided," and "provided that all the bequests and conditions of this item are and shall be subject to the bequests, limitations, and conditions of this will as to each of my said children." The learned justice at trial term, in referring to this part of the twenty-first paragraph of the will, says:

"To give this proviso full effect, we must search the will to find out what bequests, limitations, and conditions he had determined that the bequests and conditions of the residuary item should be subject to. We find that the bequest to Mrs. Putnam is subjected by the eighteenth clause to the bequest to Judge Putnam in trust, and to the grandchildren in remainder; that the limitations of title conferred by the bequest are the trust title and

remainder benefits therein referred to; and that the conditions include the contingency of the beneficial interest passing by force of the will to the children of Mrs. Putnam surviving at her death, and the descendants of those who should then have passed away. Thus, the twenty-first clause strengthens, rather than weakens, the construction that the grandchildren took an interest direct from the will, the period of enjoyment being postponed until the death of their mother."

In view of the other provisions of the will, the language of the twenty-first paragraph of the will, in regard to dividing the property equally among his five children, should be held to relate only to the quantity of the estate conveyed to the trustee for the benefit of his daughter and her children. The words "pass to" are frequently used in the will. In the fifth paragraph they are used in giving the rents and profits of certain real estate to his children for life. They are used in the same paragraph in giving certain rents and profits to his grandchildren, and again in the same paragraph in making the devise of the remainder, where, instead of using the usual words for that purpose, he says, "Said property shall pass in fee simple and be divided," etc. In the seventeenth paragraph, above quoted, in giving the title of the remainder held in trust for Robert H. to his children absolutely, he says, "Said devises and bequests shall pass to, and become the property of, his children," etc. Although the title to the rents passing to his daughter Mary is qualified by the eighteenth paragraph, yet it will be seen that the words "pass to," whenever used in the will, refer to the transfer of title. In view of his use of these words, can there be any doubt of testator's intention in saying that the property given to his daughter Mary shall "pass to, and be managed by, my son-in-law John R. Putnam"? By these words he intended to give to John R. Putnam, as trustee, the title thereto, and he then says: "Upon the death of my said daughter, all of said property and her share in my estate shall pass to, and become the property of, her children," etc. He intended that the title then in John R. Putnam, trustee, should pass from him as such trustee to said children. The decree of the court of common pleas of Hamilton county, Ohio, should have the construction contended for by the plaintiff and the defendant John Risley Putnam herein. While that decree provided "that it was the testator's intention to vest the residue of his property * * * in his five children equally, at the date of his death," such words must be read in connection with the other portions of the decree, and, when so read, it is plain that they refer only to the quantity of the estate, and the time of the same passing to the legatees, respectively. Immediately following the words last above quoted the decree provides:

"The proportion or share of said Robert H. Shoemaker to be held in trust, in accordance with the terms of the seventeenth item of said will, and the said share, upon the death of said Robert H. and his wife, Mary, to devolve as in said seventeenth item specified, and the share of said Mary S. Putnam to be held in trust by her husband, John R. Putnam, in accordance with the terms of the eighteenth item of said will, and to devolve on the death of said Mary S. Putnam as in the said eighteenth item specified."

The decree expressly states that three-fifths of the residuary estate vested at the date of the death of the testator in the other three

children, naming them, the words used being, "the real estate in fee simple, and the personal property absolutely." The decree thus inferentially says that the two-fifths previously spoken of as vesting in the other two children did not in fact vest in them, but were to be held in trust for them, as provided by the seventeenth and eighteenth paragraphs of the will, respectively; the authoritative part of said decree being: "The said distributees are each and all entitled to have their shares distributed to them immediately as such absolute owners thereof, except Robert H. Shoemaker and Mary S. Putnam, who are entitled as above found." This decree having been made more than two years after the death of the testator, it must be deemed to hold that the death of Mary S. Putnam, referred to in the eighteenth paragraph of the will, was a death at any time either before or after testator's death, or before or after the period during which the executors were to hold the property. By the Ohio decree, it is found that the title to three-fifths of testator's residuary estate vests absolutely in the children named, and the title to the other two-fifths vests as provided in the seventeenth and eighteenth paragraphs of the will, respectively. As we have already shown, the seventeenth and eighteenth paragraphs of the will give the title of the shares of testator's estate therein mentioned to the trustees therein named, respectively.

Interlocutory judgment affirmed, with costs. All concur, except PARKER, P. J., not voting.