**278**  MATTER OF RADFORD.

Surrogate's Court, New York County, September, 1917.   [Vol. 101.

## Matter of the Estate of LEWIS RADFORD, Deceased.

(Surrogate's Court, New York County, September, 1917.)

Wills — construction of — trusts — vested remainder — intestacy.

Where the general scheme of a will indicates that it was the intention of testator, who was survived by a son and two daughters, that the son, or in case of his death his issue, should ultimately receive the major part of the estate which he divided into three parts to be held on separate trusts during the lifetime of each of his children, and the son died leaving him surviving three children all of whom are living, and thereafter S., one of testator's daughters, died without issue, under a clause of the will that " Upon and immediately after the death of my said daughter Sarah, I give and bequeath the said equal third part of my estate hereby given in trust for her to my said daughter Carrie and my said son William, in case they shall both be then living, to be equally divided between them forever; and in case my said daughter Sarah shall survive my said daughter Carrie, then and in such case, I give and bequeath the whole of the said equal third part hereby given in trust for my said daughter Sarah, from and after her death, to my said son William, or in case of his previous death, then to his lawful issue forever," the gift over on the death of S. will be construed as a vested remainder in the surviving daughter, C., and the son, and in the event of his death before S. his issue became entitled to receive the one-half their father would have taken had he survived S.

While such construction may not seem to give effect to the words " in case they should both be living," a literal application of said phrase would enforce intestacy as to the trust fund, a result certainly not within the contemplation of testator.

PROCEEDING upon the judicial settlement of the account of a surviving trustee.

Charles V. Gabriel, for Carrie Westerfield and executors of the estate of Sarah C. Doty, deceased.

Burlock E. Rabell, for himself as trustee of the estate of William L. Radford, deceased.

R. A. Mansfield Hobbs (Henry Wynans Jessup, of counsel), for Annie C. R. Watts, respondent.

Henry Pegram, for Amelia M. Christie.

Caldwell & Banister, for Mary R. Burtis.

FOWLER, S. The question presented to the surrogate for determination arises in the course of the judicial settlement of the account of the surviving trustee under the will of Lewis Radford, deceased. It involves the true construction of the will of said Lewis Radford.

Lewis Radford, the testator, died August 10, 1899, leaving a last will executed November 27, 1891. Testator by his will divided his entire estate into three separate parts, to be held on separate trusts during the lifetime of each of testator's three children, viz., two daughters, Carrie Westerfield and Sarah C. Doty, and one son, William L. Radford. The gifts over, or remainders, upon the termination of the several trusts are separately bequeathed. With respect to the trust estates created for the daughters, the will provides that upon the death of each daughter the estate or fund held for her benefit shall be divided equally between the other daughter and the son, if both be living, with the further provision that in the event such other daughter shall have died before the life tenant, then the entire trust estate shall be given to the son, or in case of his previous death then to his lawful issue. The will further provides that the trust estate created for the son shall upon his death go to his issue. The three children of testator mentioned in the will were living when the testator Lewis Radford died. The son

Surrogate's Court, New York County, September, 1917.    [Vol. 101.

William died March 28, 1913, previous to his two sisters, leaving him surviving three children, all of whom are now living. One of the two daughters of the testator, viz, Sarah C. Doty, died December 11, 1916, leaving no issue. The other daughter, Mrs. Wester- field, is living and is the petitioner and accounting trustee in this proceeding.

The principal of the separate trust estate held for the life of Sarah C. Doty is $85,852.58, and the matter for determination involves the proper disposition of this sum. The clause of the will of Lewis Radford dis- posing of the principal of this particular trust estate upon the termination of the life interest is as follows: "*Fourth:* Upon and immediately after the death of my said daughter Sarah, I give and bequeath the said equal third part of my estate hereby given in trust for her to my said daughter Carrie and my said son Wil- liam, in case they shall both be then living, to be equally divided between them forever; and in case my said daughter Sarah shall survive my said daughter Carrie, then and in such case, I give and bequeath the whole of the said equal third part hereby given in trust for my said daughter Sarah, from and after her death, to my said son William, or in case of his previous death, then to his lawful issue forever."

It is now claimed, upon behalf of Mrs. Westerfield, that under this fourth clause of her father's will she is entitled to one-half of the Doty trust estate, and that by reason of the previous death of William before Sarah, there is an intestacy as to the other half, as of the date of testator's demise, and that Mrs. Wester- field therefore takes also one-half of that, or, in other words, two-thirds of the entire Doty trust estate, and that the balance passes equally to the personal repre- sentatives of Sarah C. Doty and William Radford. Upon the part of the children of William Radford it is

contended that the remainder over was vested in their father, and that upon his previous death it passed to them.

The general scheme of the will of Lewis Radford indicates the intention of the testator, that his son William, or, in case of William's death, the issue of William, should ultimately receive the major part of testator's estate. It is this intention, ascertainable from a consideration of the whole instrument and the situation of the parties, that should govern the surrogate in his construction of the fourth clause of the will of Lewis Radford. *Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573, 580.

Bearing in mind this evident intention of the testator, it is my opinion, that the gift over on the death of Mrs. Doty was a vested remainder in the surviving daughter and the son, and, in the event of the death of the son before Mrs. Doty, the issue of the son became entitled to receive the one-half he would have taken had he survived his sister, Mrs. Doty. *Connelly* v. *O'Brien,* 166 N. Y. 406; *Matter of Gardner,* 140 id. 122, 129; *Fulton Trust Co.* v. *Phillips,* 218 id. 573. Vested remainders are descendible. While this construction may seem not to give effect to one part of the fourth clause, viz, " in case they shall both be living," a literal application of this phrase would enforce intestacy as to this entire trust fund, a result certainly not within the contemplation of the testator.

Under my construction of the will one-half of the Doty trust estate passes to Mrs. Westerfield and the other half to the children of William Radford, deceased.

Decreed accordingly.