In the Matter of the Estate of Fannie C. Vail, Deceased.

Surrogate's Court, New York County, August 4, 1927.

**Taxation — transfer tax — decedent's husband, resident of Ohio, bequeathed all his property to decedent and provided that all of estate that decedent did not use should pass on her death to children — under laws of Ohio widow had life estate and children vested remainder — shares of stock in possession of widow at her death not taxable assets of her estate.**

The husband of the testatrix, a resident of Ohio, bequeathed to the decedent all of his property with the right in her to use, sell and dispose of any or all of it as she might deem necessary for the comfortable support of herself and children, and the will also provided that upon the death of the decedent all that remained of the estate should be divided into equal portions between the two children. In determining whether or not shares of stock held by the decedent upon her death, which constituted a part of the estate of her husband, belonged to her and were a part of her assets and subject to a transfer tax, the will of the husband must be construed in accordance with the laws of Ohio. Under the laws of

MATTER OF VAIL. **523**

Misc. 522]     Surrogate's Court, New York County, August, 1927.

Ohio the decedent took a life estate only in the property bequeathed by her husband, and the children took a vested remainder in all that part of the property which the decedent had not disposed of during her life.

Accordingly, shares of stock which were part of the estate of the decedent's husband, including the increase therein by way of stock dividends, which were held by the decedent at the time of her death, were not a part of her estate and were not subject to the transfer tax as such.

APPLICATION to vacate original order assessing transfer tax.

*Howard McWilliams*, for the executor.

*Charles A. Curtin*, for the State Tax Commission.

O'BRIEN, S.    This is an application to vacate the original order assessing tax herein and to remit the report to the transfer tax appraiser on the ground that certain property was erroneously included among the taxable assets of the decedent.

The decedent died a resident of this State on November 11, 1924, and the order assessing tax on the report of the appraiser was entered on August 3, 1925.    There were included among the taxable assets of the decedent 10,900 shares of common stock of Standard Oil Company of New Jersey.    The executors now claim that these shares of stock were not the property of this decedent but of her husband, George I. Vail.

George I. Vail died a resident of the State of Ohio in 1888, and his will was admitted to probate in Cuyahoga county, State of Ohio, in the same year.    The disposing clauses of his will, material to this application, are as follows:

" *Second.* I give and devise all my property both real and personal of every kind and description whatever, to my beloved wife, Fannie C. Vail, to be hers to use, sell and dispose of all the income and property and principal if requisite during her natural life as she deems proper and necessary for the comfort and support of herself and our children.

" *Third.* All that remains of my estate at the decease of my beloved wife, Fannie C. Vail, I give and devise to my children in equal proportions to be theirs and their heirs and assigns forever."

George I. Vail left him surviving his widow, Fannie C. Vail, and two children, Eloise and George.

This will of George I. Vail must be construed in accordance with the laws of the State of his domicile.    (*N. Y. Life Ins. & Trust Co.* v. *Viele,* 161 N. Y. 11; *People ex rel. Safford* v. *Surrogate's Court,* 229 id. 495.)    Pursuant to the laws of the State of Ohio, the widow of George I. Vail, under his will, had only a life estate with a limited power of disposition of the principal of the trust for the comfort and support of herself and her children and upon the death of their father the children took a vested interest

in the remainder. (*Baxter* v. *Bowyer*, 19 Ohio St. 490; *Johnson* v. *Johnson*, 51 id. 446; *Tax Commission* v. *Oswald*, 109 id. 36; *Vincent* v. *Putnam*, 127 Misc. 647; *Putnam* v. *Lincoln Safe Deposit Company*, 66 App. Div. 136.)

The will of George I. Vail named no executor and after its probate, his widow, Fannie C. Vail, was appointed administratrix with the will annexed.

Among the assets of George I. Vail's estate which came into her possession were 600 shares of Standard Oil Trust, an Ohio holding company. These said shares were transferred to herself, individually, in 1889. Thereafter and in the year 1899, Fannie C. Vail, surrendered the said 600 shares of interest in the Standard Oil Trust in exchange for 600 shares of stock in the Standard Oil Company of New Jersey of the par value of $100 each. In the year 1920 the value of the said shares of stock was decreased from $100 to $25 and upon the surrender of 545 of the 600 shares previously held by Fannie C. Vail (she having disposed of 55 shares) certificates for 2,180 shares of the new stock of the par value of $25 were issued to her. In December, 1922, the Standard Oil Company of New Jersey declared a stock dividend of 400 per cent whereupon the said Fannie C. Vail received 8,720 shares of stock making a total of 10,900 shares of the said common stock held by her and standing in her own name. These shares of stock the petitioners, as executors of the estate of Fannie C. Vail, now claim do not form part of the taxable assets of her estate.

As above shown, Fannie C. Vail had but a life interest with a limited power of disposition in the original 600 shares of Standard Oil Trust. Although contrary to the rule in this State, it seems that under the law of Ohio all stock dividends when declared form a part of the corpus of the trust and thereby become the property of the remainderman and not of the life tenant. (*Lamb* v. *Lehmann*, 110 Ohio St. 59.)

Fannie C. Vail died a resident of this State on November 11, 1924. In a safe deposit box registered in her name were the shares of stock above referred to. The report of the transfer tax appraiser included the said stock among the taxable assets of her estate. The executors of Fannie C. Vail's estate likewise included the said stock among the assets of her estate and it was not until after the report of the appraiser was filed and the order entered thereon that the will of George I. Vail was discovered by the executors. The shares of stock in question are transferred by the will of George I. Vail and not by that of the life tenant. Likewise, the specific legacy in the will of Fannie C. Vail of 800 of the said shares of stock to her son, George I. Vail, is void as the property

attempted to be bequeathed was not the property of the testatrix. It cannot be seriously contended by the State Tax Commission that this property, in which the decedent had but a life interest, is taxable in this State upon her death.

The report of the transfer tax appraiser will be remitted to him for correction in accordance with this opinion.   Submit order.