Bascom, S.
Upon the settlement of the intermediate account of the United States Trust Company of New York, as trustee under the will of Isaac Blandy, deceased, we are called upon to construe the following paragraph of that document: ‘‘ Third: I give, devise and bequeath all the rest, residue and remainder of my estate of every kind, name and nature, and wheresoever situated, unto my trustee, hereinafter named, in trust nevertheless for and during the lives of my wife, Elizabeth W. Blandy, and my daughter, Elizabeth W. Blandy, and during the lifetime of the survivor of them, as follows: The same to be held, invested and reinvested by my said trustee and 70% of the income therefrom paid quarterly to my wife, Elizabeth W. Blandy, for the joint use and benefit of my said wife and daughter so long as both shall live; 25% of the income therefrom shall be paid quarterly to my grandchildren in equal shares so long as my said wife and my said daughter shall both be living and if any grandchild be dead, or upon the death of any grandchild, leaving issue, the share of such grandchild in said income shall be paid to such issue per stirpes; 5% of the income therefrom shall be paid quarterly to my son, Alexander B. Blandy, during his life or until the termination of this trust as provided in this my Will, and upon his death prior to the termination of this trust, his portion of the income shall become a *4 part of income to be disposed of in accordance with the provisions of this my Will. If my said wife, Elizabeth W. Blandy, survives my daughter, Elizabeth W. Blandy, I will and direct that from and after the death of my said daughter 40%. of said income of the said trust fund shall be paid quarterly to my said wife during her lifetime and 55% of the income from said trust fund shall be paid to my grandchildren in equal shares, and if any grandchild be dead, or upon the death of any grandchild, leaving issue, the share of such grandchild in said income shall be paid quarterly to such issue per stirpes. If my said daughter survives my wife and is then unmarried, I will and direct that from and after the death of my said wife 40% of the income from the said trust fund shall be paid, quarterly to my- said daughter during her lifetime or until she marries and 55% of the'income from said trust fund shall be paid to my grandchildren in equal shares, and if any grandchild be dead, or upon the death of any grandchild, leaving issue, the share of such grandchild in. said income shall be paid quarterly to such issue per stirpes, but if my said daughter be married at the time of the death of my wife, or from and after the time of the marriage of my said daughter, I will and direct that 30% of the income of said trust fund be paid quarterly to my said daughter during her life and 65% of the income from the said trust fund shall be paid quarterly to my grandchildren in equal shares and if any grandchild be dead, or upon the death of any grandchild, leaving issue, the share of such grandchild in said income shall be paid quarterly to such issue per stirpes. ’ ’
By paragraph Fourth of the will, the grandchildren, or the issue of deceased grandchildren, take the corpus of the trust at the termination of the surviving measuring life of the widow and daughter. The testator died in 1937. The widow died in 1951. The daughter is living and has been married since before her mother’s death. The son Alexander is now deceased, giving rise to the necessity for this construction proceeding, to determine who is entitled during the continuance of the trust to the 5% of income formerly received by him.
Three possible solutions are suggested to us: (1) that the testator made no testamentary disposition of the 5% of income subsequent to the death of his son Alexander, and during the continuance of the trust; that he therefore died intestate as to such income and it passes to his distributees for the remaining life of the trust; (2) that under section 63 of the Real Property Law, the grandchildren take such income, as the persons presumptively entitled to the next eventual estate; and (3) that the testator has sufficiently identified those entitled to the son’s *5 share of income, and that it passes to the daughter and grandchildren proportionately. No other possibility suggests itself. The special guardian for the grandchildren strongly urges the second proposition.
In no aspect of the situation can we find the first suggested solution applicable. Intestacy is not to be presumed. (Vernon v. Vernon, 53 N. Y. 351.) Testacy is favored rather than intestacy (Matter of Haber, 281 App. Div. 383, affd. 306 N. Y. 706; Matter of Hunt, 207 App. Div. 127, affd. 237 N. Y. 613; Matter of Knickenberg, 180 Misc. 217) and complete testacy rather than partial intestacy (Matter of Haradon, 173 Misc. 993). The aversion for intestacy leads courts to prefer a construction which disposes of the whole estate. (Mills v. Tompkins, 110 App. Div. 212.) We adhere to the rule. There are words in the paragraph being construed, which preclude a finding of intestacy, as will be seen. What is their meaning is the real problem. Except the unlikely finding of a residue of a residue, even if intestacy were found to have resulted from a failure to dispose of some of the income on the son’s death, before the determination of the trust, it would not devolve upon testator’s distributees under the Decedent Estate Law. They áre a class to be determined as of the date of testator’s death (Clark v. Cammann, 160 N. Y. 315) and include in this case two other sons in addition to the widow and children mentioned. Such undisposed of income would have passed, if any intestacy were here found, to the persons presumptively entitled to the next eventual estate (Real Property Law, § 63). The latter statute is itself one governing intestate devolution in appropriate circumstances. (Matter of Shupack, 158 Misc. 873, 878.)
If, as urged on behalf of the grandchildren, section 63 of the Beal Property Law is applicable, certain conditions must prevail. They are, first, a valid limitation of an expectant estate, involving suspense of the power of alienation or ownership; second, a failure to direct the disposition of the full income during such period; and third, no valid direction for accumulation. (Matter of Shupack, supra; Matter of Childs, 207 Misc. 1126.) As stated before, the second condition precedent is lacking. The words ‘ ‘ his portion of the income shall become a part of income to be disposed of in accordance with the provisions of this my Will ” have determinative significance. They are directive and donative. They indicate both an intent that such income be disposed of, and that it be disposed of other than by intestate succession. In such event, and provided the words are clearly dispositive, section 63 can not apply. (Matter of United States Trust Co. of N. Y., 53 N. Y. S. 2d 262.)
*6 Well established it is that the intent of the testator is the controlling element (Byrnes v. Stilwell, 103 N. Y. 453, 458) and must be found within the confines of the will itself (Cammann v. Bailey, 156 App. Div. 87). This means in the language of the will (Putnam v. Lincoln Safe Deposit Co., 66 App. Div. 136; Lougheed v. Dykeman’s Baptist Church, 129 N. Y. 211) and when possible, without resort to extraneous matters or rules of construction (Stewart v. Stewart, 205 App. Div. 587; Matter of Buechner, 226 N. Y. 440). In the eternal hunt for intention, the result always to be sought is one that will carry out that intention. (Dougherty v. Thompson, 167 N. Y. 472; Matter of Hoyt, 116 App. Div. 217.)
The other two sons having been provided for by paragraph Second of the will, it seems that the testator intended that so long as the widow and daughter were alive, they, together with one of his sons if living, and his grandchildren, should continue to share the entire income of the trust for its entire duration. The son’s portion while he was living would remain constant in all contingencies. The portions of the other beneficiaries would vary proportionately from time to time, depending on who was alive, and whether the daughter were married. On the son’s predeceasing his mother or sister, his portion was to become a part of income to be disposed of to the other beneficiaries, according to whatever contingency then existed. That situation being unforseeable to the testator, he avoided prolixitous verbosity by using the words “ shall become a part of income to be disposed of in accordance with the provisions of this my Will ’ ’ to cover all contingencies. To hold otherwise would be to negate and excise the quoted words.
It follows, therefore, that the widow being dead, and the daughter Elizabeth B. Schell being married, the latter takes thirty ninety-fifths of the 5%, and the grandchildren sixty-five ninety-fifths of the 5% of the income, for the duration of the trust and since the death of the son Alexander Blandy.
The account as filed is settled and allowed. Decision accordingly. Submit decree.