Robert W. Bascom, S.
On this proceeding to settle the final account of the executor of the will of Lucy Bogardus we are called upon to construe that instrument. After directing payment of debts and funeral expenses and bequeathing six specific cash legacies, testatrix gave and devised to her executor and trustee all the rest, residue and remainder of her property, in trust, to maintain her home for the use of one Reginald Granger during his life, or so long as he occupied the same, and to apply the balance of income in a designated manner. On the death of the life beneficiary, or his sooner discontinuing the occupancy of the home, she directed “ that my said real estate and the contents thereof be sold and that my estate be divided into eight shares, four of such shares to he paid to my nephew John, two of said shares to my nephew Paul, one of such shares to my nephew Henry and one to my niece Dorothy.”
Testatrix was survived by another niece, Muriel. There were no surviving spouse, brothers, sisters, descendants or parents. *608 Nephew Paul predeceased the testatrix, leaving a surviving son. One specific cash legacy was also for this predeceased nephew. Such legacy lapsed on his prior death unless saved by section 29 of the Decedent Estate Law. That such a legacy to a nephew does not come within the saving provisions of that section is well established. (Matter of Goldstein, 194 Misc. 903; Matter of Ramseyer, 127 N. Y. S. 2d 22; Matter of King, 200 N. Y. 189.) The specific legacy to nephew Paul thus fell into the residuum. (Matter of King, supra.)
Relative the disposition of Paul’s share of such enlarged residuary estate, nephew John contends that the shares of the surviving remaindermen should be augmented, to the exclusion of the niece Muriel and-the grandnephew, son of Paul, as though the gifts were to a class. The residuary gifts, having been to persons nominatim, and the shares being fixed and certain, are clearly not to a class. (Matter of Kimberly, 150 N. Y. 90.) Thus this gift to Paul lapsed also and created a residue of a residue. (Matter of King, supra.)
Niece Muriel contends for a finding of intestacy as to such lapsed portion of the residue. The courts struggle to avoid intestacy. The struggle is more desperate when the will on its face purports to be fully dispositive. Complete testacy is favored over partial intestacy. (Matter of Blandy, 2 Misc 2d 2.) Nevertheless we are confronted with the rule that a part of the residue of which the disposition fails will not accrue in augmentation of the remaining parts, as a residue of a residue, but, instead of resuming the nature of a residue, devolves as undisposed of. The rule is traced back to Skrymsher v. Northcote (1 Swanst. 566). It has been enunciated or followed in such landmarks of the law in our jurisdiction as Beekman v. Bonsor (23 N. Y. 298); Kerr v. Dougherty (79 N. Y. 327); Floyd v. Carow (88 N. Y. 560); Booth v. Baptist Church (126 N. Y. 215); Morton v. Wood-bury (153 N. Y. 243); Wright v. Wright (225 N. Y. 329) and Oliver v. Wells (254 N. Y. 451).
The rule has been much assaulted, long lamented and reluctantly enforced. By judicial decision it has been rejected in at least one State (Corbett v. Skaggs, 111 Kan. 380); by statute it has been repudiated in Pennsylvania, Rhode Island and New Jersey. It is too firmly engrafted on our jurisprudence, however, to be overturned except by legislative fiat. Though long endured, its days may be numbered. Even now the remedial legislation is before the Legislature. (Sen. Int. No. 236, Pr. No. 236, Ass. Int. No. 392, Pr. No. 392 [1957 Sess.].) Its prospective provisions and possible passage produce no present panacea, Until the Legislature furnishes us a new rule, we can *609 only apply the old one. Its application compels a finding of intestacy as to one fourth of the residue, augmented by the lapsed specific legacy and upon the termination of the trust.
This result produces a defectum of necessary parties. The grandnephew has not been cited. Since he will take by representation, he must be brought in. (Decedent Estate Law, § 83, subd. 6; Surrogate’s Ct. Act, § 262, subd. 6; Matter of Forde, 201 Misc. 198, affd. 281 App. Div. 680.) The account is settled and allowed subject to objection by the grandnephew, after supplemental citation. Proceed accordingly, consistent herewith.