Maximilian Moss, S.
In this accounting proceeding construction of testator’s will is required in order to determine the distribution of the residuary trust remainder under paragraph “Eighth” of the will. By subparagraph (b) thereof testator devised and bequeathed 20% of the trust remainder to his only sister “ but only if she shall survive me and my wife.” She survived testator but predeceased his wife, leaving two children who are named in subparagraph (d) among testator’s 14 nieces and nephews and a niece and nephew of his first wife as equal beneficiaries of 45% of the trust remainder, with the qualification, however, that if their mother (testator’s sister) survived testator and his wife, they would not be beneficiaries thereunder. Petitioner, a nephew, was bequeathed 15% of the trust remainder under subparagraph (a) and Samuel Wiener, another nephew, 20% under subparagraph (c). The question presented is whether the bequest of 20% of the remainder to testator’s sister lapsed by reason of her predeceasing testator’s wife and passes by intestacy, as contended by respondents who are the widow’s distributees and would share therein, or whether said bequest is to be added to the 45% constituting the balance of the trust remainder bequeathed under subparagraph (d), as maintained by petitioner. The will does not specifically provide that the sister’s 20% share 'be added to the 45% of the trust remainder in the event which occurred, namely, that she predeceased testator’s wife, but petitioner urges that the will be so construed in order to effectuate testator’s intent.
The court adopts the construction contended for by petitioner in the light of the provisions of the will taken as a whole. They evidence testator’s intention to bequeath the balance of the trust remainder to the 16 named nieces and nephews in equal shares in the event testator’s sister did not survive his wife. The balance is correctly stated to be 45% if his sister survived his wife and an unstated 65% if her bequest failed by reason of her predeceasing his wife. It is as if testator had supplemented the condition of the bequest —1 ‘ but only if she shall survive me and my wife ” — stated in subparagraph (b), by adding that if- his sister should not survive him and his wife this provision should be deemed null and void, as if never made, with the result that the balance of the remainder under subparagraph (d) would be 65% instead of 45%. This interpretation is to be preferred *62 by law to one that would result in intestacy, since it is presumed that testator did not intend to die intestate as to any part of his estate (Matter of Radford, 101 Misc. 278; cf. Matter of Jerge, 180 Misc. 268).
The present case is distinguishable from the rule that a lapsed residuary gift may not augment the residue (Wright v. Wright, 225 N. Y. 329; see Matter of Bogardus, 5 Misc 2d 607). Here testator himself indicated that he wished to avoid intestacy by providing in subparagraph (e) that if any remainderman named in subparagraphs (a), (c) or (d) should not be living at the death of his wife, his share should go to the remainderman’s descendants and, if none, to those named in subparagraph (d) or their descendants, per stirpes. The very obvious omission of reference to the remainderman named in subparagraph (b) is a clear indication that testator regarded the bequest therein to his sister as dropping out of the computation of the balance of the remainder bequeathed under subparagraph (d) in the event she did not survive his wife. The will is construed in accordance with the foregoing.