### SWEET v. SCHLIEMANN.

(Supreme Court, Appellate Division, Second Department.  June 24, 1904.)

1. WILLS—TRUST—POWER OF SALE.

 Testator bequeathed one-third of his personal estate to his wife, and gave the residue, real and personal, to trustees, "to invest and keep invested my personal estate in secure bonds and mortgages on real estate," and to pay the income to the widow and children in equal parts. A further paragraph of the will provided that, "should my trustees at any time deem it best for the interests of my estate to sell a part or all of my real estate, I hereby authorize them and the successors of them" to sell and convey by sufficient deed, the proceeds to form a part of the residuary personal estate. *Held* that, the first trustee having foreclosed a mortgage, and bought in the property at the sale, the succeeding trustee had power to sell the property and give good title.

2. SAME—BENEFICIARY AS TRUSTEE.

 The fact that the succeeding trustee was one of the testator's children and a beneficiary did not affect the power of sale, as the trust was indivisible, and the partial interest of the trustee could not defeat the execution of the power.

Action between Josephine M. Sweet, trustee under the will of Francis Fely, deceased, against John Schliemann. Cause submitted

under the provisions of the Code of Civil Procedure.   Judgment for plaintiff.

See 88 N. Y. Supp. 1117.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Arthur P. Hilton, for plaintiff.

J. F. Bullwinkel, for defendant.

WOODWARD, J.   The question to be determined is whether the plaintiff can convey a good and merchantable title to the premises which she has undertaken to sell under a contract set forth in the agreed case.   Francis Fely died on the 27th day of January, 1895, leaving a will, which was duly admitted to probate on the 11th day of February, 1895.   Arthur J. Heaney was named as executor, and was, with the Kings County Trust Company, appointed trustee to carry out certain provisions of the will.   The trust company refused to accept the trust, and Mr. Heaney became the sole acting trustee and executor.   In his latter capacity Mr. Heaney received two bonds and mortgages on the property in question, aggregating $2,500, which mortgages he foreclosed, and as such executor bought in the property, and received a sheriff's deed therefor on the 10th day of March, 1897, something over two years from the time of entering upon his duties, at which time it may be assumed that the personal bequests, including the one-third of the personal property given to his surviving widow, had all been provided for or paid.   On the 14th of September, 1897, Mr. Heaney's accounts as executor were judicially settled, and he entered upon his duties as trustee under the will.   There is no question raised as to the validity of the will or of the trust powers, but on the 1st day of December, 1897, Mr. Heaney resigned as sole acting trustee, and such resignation was accepted by the Kings County Surrogate's Court, and on the following day, by an order or decree of the Supreme Court, Josephine M. Sweet, a daughter of the deceased, was appointed trustee to execute the trust created by the will. Mrs. Sweet qualified, and the question presented here is whether she was authorized to give a good title to the premises purchased by the executor, and which was subsequently conveyed to her in her representative capacity by such executor.   This involves a construction of the will under which the trust was created.

The will of Francis Fely, after revoking all former wills, and providing for the payment of his debts, his funeral expenses, and making a number of small personal bequests of money, provides:

"I also give and bequeath to my said wife, Josephine M. Fely, the equal one third of the balance of my personal estate, to have and to hold the same to her own use, benefit and behoof forever."

The next paragraph provides:

"All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath to my Trustees, hereinafter named, in trust to and for the following uses and purposes, to wit: 1st. To invest and keep invested my personal estate in secure Bonds and Mortgages upon improved real estate situate in the City of Brooklyn, aforesaid. 2nd. To collect and receive all rents, issues and profits arising from my estate, both real and personal, and to pay over the net balance thereof as follows, to wit: An equal one third of

said net balance to my said wife, Josephine M. Fely, semi-annually during her natural life, to have and to hold the same to and for her own use, benefit and behoof forever. * * * 3rd. The remaining two thirds of said net balance to be paid semi annually and in equal shares, to my two children aforesaid, Victor Fely, and Josephine M. Sweet, during the terms of their natural lives, to have and to hold the same to them, their heirs and assigns, forever. * * *"

The fourth paragraph of the will then provides

"Upon the decease of either my said son or daughter, the equal one half of my estate, real and personal to be paid over to the then surviving children of said deceased son or daughter, share and share alike, upon their arriving at the age of twenty-five years respectively, to have and to hold the same to them, their heirs and assigns forever."

The fifth paragraph of the will provides that:

"In order to carry into effect the provisions of this my will; and also should my trustees at any time deem it best for the interests of my estate to sell a part, or all of my real estate, I hereby authorize and empower them, and the successors of them, to sell, and convey, by good and sufficient deed or deeds, any part or all of my real estate. * * * The proceeds of such sale or sales shall form a part of my residuary personal estate."

The evident purpose of this will, after paying the specific bequests and setting aside one-third of the personal estate, as it existed at the time of testator's death, for the benefit of his widow, was to place the remainder, whether consisting of real or personal property, in the control of his trustees and their successors for the purpose of carrying out, to the best possible advantage, the objects of the trust. The testator's widow is now dead, the executor of the estate has made his accounting and been discharged, and it may be presumed that the one-third of the personal estate was turned over to the widow before the foreclosure of the mortgage under which the plaintiff derives title, and that the other duties of the executor in reference to the specific bequests had been discharged. The executor of the estate, acting within the line of his duty, foreclosed the mortgage, and took title to the property; and whether it retained its character as personal property, or was by this action transformed into real estate, is not very material. It all belonged to the residuary estate, which was vested in the trustees at the close of the term of administration, and these trustees were authorized, "in order to carry into effect the provisions of this, my will," to sell and convey any or all of the real estate. By the first clause of the fourth paragraph of the will the trustees were directed "to invest and keep invested my personal estate in secure bonds and mortgages upon improved real estate" in the city of Brooklyn, and it is clear that under this clause the trustees, if the original bond and mortgage had come to their possession instead of the real estate, would have been authorized to sell the same, and to invest the proceeds in other bonds and mortgages which they might deem more secure; and no good reason suggests itself why they may not sell the property derived through the foreclosure and sale in a like manner, turning the proceeds into the residuary personal estate, and investing it in the manner pointed out by the will.

But it is urged that Mrs. Sweet, being one of the beneficiaries of the trust provision, cannot act as trustee as the successor to the original trustees nominated and appointed by the will. It is undoubted-

ly true that, where the sole acting trustee is likewise the sole beneficiary, there is an incompatibility in the two relations (Losey v. Stanley, 147 N. Y. 560, 569, 42 N. E. 8); but Mrs. Sweet is not the sole beneficiary. The trust is of all the residuary estate of the testator, whether of real or personal property, the rents, issues, and profits of which are to be collected and paid over to Mrs. Sweet and her brother during their natural lives, and upon their death to go to the surviving children. Mrs. Sweet, on being appointed trustee, took the whole trust estate. Losey v. Stanley, supra. She took an indivisible fund, which she could neither sell nor incumber in any way to effect or alter the interests of the remaindermen, except as specially provided in the will (Losey v. Stanley, 147 N. Y. 568, 42 N. E. 8); and this was limited by the testator to the sale of the personal property and real estate and the reinvestment in a certain line of securities. As such trustee she had clear authority to execute the trust provision as to one-half of the trust property, and in this respect she was subject to no infirmity whatever. The authority was to sell any or all of the real estate, and to turn the proceeds over to the residuary personal estate, thus keeping the original fund intact. She could not save out her share from the trust estate in this land, any more than she could save out that of her brother. The estate vesting in the trustee is the whole trust estate, and her interest, as well as the equitable interest of the other beneficiaries in the trust, pervades every part of the property, and cannot be separated. As the trust was good in its inception, and was indivisible, the partial interest of the trustee may not intervene to defeat the execution of the power, and the plaintiff is therefore in a position to give a good title to the real estate. Rankine v. Metzger, 69 App. Div. 264, 74 N. Y. Supp. 649 The trust estate is not changed in substance, but in form; and nice rules of equity, designed to promote justice, have no application to the subject here under discussion. The testator intended to give to his trustees power to intelligently handle the trust estate. The court, in the exercise of its jurisdiction over trusts, has vested the powers of the original trustees in Mrs. Sweet, and there is no valid reason why she should not do all that the original custodians of the power might have done. That the original trustees might have sold either the bonds and mortgages or the real estate resulting from the foreclosure of these securities, which is always contemplated in the taking of a mortgage, under the terms thereof, for the purpose of reinvesting the money in other securities described in the will, there is no reason to doubt, and this power has been given to the plaintiff in this action, who is entitled to judgment.

Judgment for specific performance to the plaintiff.

The submission having been corrected in accordance with our decision of June 3, 1904, judgment is directed in favor of the plaintiff in accordance with the terms of the submission, without costs. All concur.