MARYLAND CASUALTY COMPANY *vs.* SAFE
DEPOSIT AND TRUST COMPANY OF
BALTIMORE, Trustee.

*Trustees; powers; when personal; when pass to successors.
Wills; construction; intention of testator.*

If it appears that the power lodged with trustees is a special
and personal confidence, to be exercised only under their
personal judgment and discretion, such power can be exer-
cised by the designated donees only, and will not pass to a
substituted trustee; but a power annexed to the office of the
trustee for the purposes of the trust and to promote its object
will pass with the trusts to the successors of the original trus-
tees and can be exercised by them.                    p. 344

Whether a power is a special confidence reposed in the trus-
tees to be exercised only under their personal judgment and
discretion, or whether it is a power annexed to the office of
the trustee for the benefit of the trust, is dependent upon the
intention of the testator, to be ascertained by considering the
will as a whole.                          pp. 344-345

When the intention of a testator is once ascertained it must
be carried out unless some imperative rule of the law pre-
vents.                              p. 345

A testator left a large estate upon trusts reasonably sure to
outlast the lives of the trustees named in the will; in one
item the testator gave certain powers to trustees there named
and the survivors or survivor of them, "and to the heirs,
executors, administrators and assigns of the survivor of
them," and in another item gave certain large powers to the
trustees and the survivors and the survivor of them, but
omitted the words "and the heirs, executors, administrators
and assigns of the survivor." It was *held,* that it was not
the intention of the testator to confer the powers therein

contained upon the designated trustees only, but upon them and the survivors or survivor of them; and the power was annexed to the office of the trust, to be executed by any substituted trustee for the purpose of making the trust estate productive and available for the beneficiaries.     pp. 345-346

*Decided April 4th, 1911.*

Appeal from the Circuit Court of Baltimore City (NILES, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, THOMAS, PATTISON and URNER, JJ.

*Frank A. Gosnell* (with whom were *William L. Marbury* and *Carroll T. Bond* on the brief), for the appellant.

*Charles McHenry Howard,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

Arunah S. Abell by the sixteenth item of his will devised and bequeathed all the rest, residue and remainder of his estate, real, personal and mixed, not disposed of in the fifteen preceding items thereof, unto his three sons, Edwin F. Abell, George W. Abell and Walter R. Abell, and the survivors and survivor of them, and the heirs, executors, administrators and assigns of the survivor, in trust, nevertheless, that they should value and set a part of the same, property real and personal to the value of five-eighths parts, and after converting such parts of said five-eighths of the said rest, residue and remainder of the estate, as therein mentioned, into other property or investments, as therein specified, they should hold the same in trust to collect the rents, issues and profits accruing therefrom, and after paying therefrom the necessary expenses, the charges and liens therein named, to pay semi-annually such net income from the said five-eighths parts of the said rest, residue and remainder of his estate and of any accretions thereto in equal parts to each one of his five daugh-

ters, Mary L. Abell, Fannie A. Abell, Annie F. Abell, Helen M. Baughman and Margaret Abell, for and during their natural life, and after the death of any one of them, in trust to hold one-fifth part of the said five-eighths parts of such residue and remainder of the estate for the child, if only one, of the said daughter so dying, or for the children, if more than one, of the daughter so dying, share and share alike.

By the seventeenth item of his will the remaining three-eights parts of the said residue and remainder of his estate devolved upon and vested in his said three sons, Edwin F., George W. and Walter R. Abell, in equal parts, as tenants in common.

The eighteenth item of his will empowered his said trustees *"the survivors or survivor of them"* to raise from time to time, by mortgage upon any real or leasehold estate so set apart for the benefit of his said daughters, any sum or sums of money necessary for the repair or improvement of such real or leasehold estate, providing therein that the mortgages so executed and the interest thereon and all expenses and charges connected therewith should "constitute a charge upon that part of the real and personal estate so mortgaged, and in case of deficiency, upon the real and personal estate so set apart for the benefit of my (his) daughters."

By the nineteenth item of his will he empowered his said "trustees, * * * *and the survivors or survivor of them,* to make and execute from time to time any lease or leases for any purpose whatsoever, upon such terms as they or he shall think proper, of any part of the real or leasehold estate so set apart for the benefit of" his said daughters.

By the twentieth item of his will, the item which is particularly involved in this case, it is provided: "I further empower my said trustees of the rest, residue and remainder of my estate as aforesaid and the survivors or survivor of them to sell from time to time any portion of the property, real, personal or mixed so set apart for the benefit of my said daughters upon such terms as they or he may deem to be

proper and to invest the proceeds of any such sale or sales in real or leasehold estate or in mortgages or in state or municipal bonds or certificates of indebtedness of the most assured character, or in bonds or certificates of indebtedness of the United States as they or he may think proper with power to change any investment or investments so made from time to time into another investment or into other investments belonging to any one or more of the classes of property in this clause of my will indicated but every instrument made by my said trustees or the survivors or survivor of them in the exercise of this power shall be subject to the trusts declared in this will in relation to the real and personal estate so set apart for the benefit of my said daughters and of each of them."

In the twenty-first item of his will be empowered his "said sons, Edwin F. Abell, George W. Abell and Walter R. Abell, and the *survivors or survivor of them,* to manage and direct all affairs and concerns relating to any property devised and bequeathed to them in trust by this my will * * * as they or he in their or his judgment may think best adapted to promote the interests of the said respective trusts."

The record discloses that upon the death of the testator, Walter R. Abell declined to accept the office of trustee under said will, but Edwin F. Abell and George W. Abell accepted the same, qualified as such and subsequently, at their request, by proceedings instituted by them, the Circuit Court for Baltimore City assumed jurisdiction over the administration of said trust, and Edwin F. Abell and George W. Abell continued to administer said trust under the supervision of said Court until the death of Geo. W. Abell on May 1st, 1894, after which time Edwin F. Abell, as sole surviving trustee, administered said trust under the supervision of the Court until his death, in February, 1904.

After the death of Edwin F. Abell the Circuit Court for Baltimore City, upon the petition and consent of the beneficiaries and the deceased trustees common law heirs and

executors, by its order passed March 19th, 1904, appointed
the Safe Deposit and Trust Company of Baltimore City, the
appellee, trustee in place of the said Edwin F. Abell, "to
administer the trust created by said will, with all powers
which by said will were conferred upon the trustees named
therein, the survivors or survivor of them, under the direc-
tion and supervision of the Court in this cause."

The record further discloses that after the appointment
of the appellee as trustee, it sold, at private sale, at different
times, eleven parcels of land held by it as such trustee, the
sales thereof amounting in the aggregate to $232,406.76.
The sales of these lands were by the trustee reported to and
confirmed by the Court. On the fifth day of October, 1910,
the appellee, as trustee, reported to the Circuit Court for
Baltimore City an offer made to it by the appellant, the
Maryland Casualty Company, to purchase, at and for the
sum of two hundred thousand dollars, a lot of ground and
improvements situated on the north side of Baltimore street,
Baltimore, Maryland; and that it, as trustee, in the exercise
of the power of sale conferred by the will of Arunah S. Abell,
had accepted said offer and agreed to sell said property to
said purchaser "at said price and upon said terms, subject,
however, to the ratification and approval of the Court."

The appellant excepted to the ratification of this sale,
because:

1. "That the power to sell the real estate of Arunah S.
Abell, deceased, of which said property is a part, vested in
Edwin F. Abell, George W. Abell and Walter R. Abell,
trustees, and the survivor and survivors of them, under the
will of the said Arunah S. Abell, and did not devolve upon
the Safe Deposit and Trust Company of Baltimore as sub-
stituted trustee under said will.

2. "That the said Safe Deposit and Trust Company of
Baltimore, substituted trustee, cannot convey a good and
merchantable title because the power of sale vested in Edwin
F. Abell, George W. Abell and Walter R. Abell, trustees,

does not devolve upon the said substituted trustee, and that such title can only be secured through a proceeding in equity to which all persons in interest are made parties."

The Court, however, by its order dated the 13th day of December, 1910, overruled the exceptions filed by the appellant and finally ratified and confirmed the sale of the lands so made by the appellee to the appellant as aforesaid. It is from this order of the Court that this appeal is taken.

It is not denied that the power to sell these lands was conferred by the will upon the trustees therein named, to wit: Edwin F. Abell, George W. Abell and Walter R. Abell, and their survivors or survivor, but it is contended that this power was not conferred by the will upon the appellee as the substituted trustee under the will, and this is the sole question in this case.

The appellant contends that the power to sell in this case is a special power to be exercised only by the trustees named in the will and their survivors or survivor, and not a general power annexed to the office of trustee to be exercised by the substituted trustee.

It is the well-settled law of this State that: "If it appears that the power lodged with the trustees in connection with the trust is a special confidence in a particular trustee or set of trustees, or is to be exercised only upon his or their personal judgment and discretion, such power can only be exercised by the designated donees and will not pass to the substituted trustee. On the other hand, if it appears that the power is annexed to the office of trustee *for the purpose of the trust, and to promote its objects,* then it will pass with the trust to the successors of the original trustee and can be exercised by them." *Mercer* v. *The Safe Deposit and Trust Company,* 91 Md. 118; *Snyder* v. *The Safe Deposit and Trust Company,* 93 Md. 225; *Druid Park Heights* v. *Oettinger,* 53 Md. 46; *Kennard* v. *Bernard,* 98 Md. 513.

Whether the power in this case was a special confidence reposed in the sons as trustees and their survivors or survivor

to be exercised only upon their personal judgment and discretion, or whether it was a power to be annexed to the office of trustee for the purposes of the trust and to promote its objects, is dependent upon the intention of the testator, which is to be ascertained by considering the will as a whole, and when his intention is once ascertained it must be carried out unless some imperative rule of law will prevent it.

By section sixteen of the will the legal title in .all the rest, residue and remainder of his estate was vested in his three sons, and the survivors and survivor of them, and the *heirs, executors, administrators and assigns of the survivor, upon trust,* nevertheless, etc.

In item twenty, in which the power of sale is conferred, those upon whom it is conferred are mentioned as "the said trustees of the rest, residue and remainder of my estate as aforesaid and the survivors or survivor of them", omitting the words *"and the heirs, executors, administrators and assigns of the survivor"* which appear in the sixteenth clause of the will. After the devise to the sons as trustees in the manner above set forth in item sixteen the testator does not again in any of the following clauses of the will repeat the words "and the heirs, executors, administrators and assigns of the survivor"; not even in the nineteenth section where the power is conferred to execute from time to time lease or leases for any of said property, which property, by item sixteen, the trustees, as therein described, are to hold in trust, to collect the rents, issues and profits arising therefrom, etc. It is because of the omission of the words "and the heirs, executors, administrators and assigns of the survivor", after the words "trustees, the survivors or survivor of them" in section twenty, wherein the power to sell the property of the trust estate is conferred, that the appellant contends that the power of sale was restricted to the designated trustees, their survivors or survivor, and was not intended to comprehend or include "the heirs, executors, administrators and assigns of the survivor", as mentioned in the sixteenth item,

and that such power was intentionally withheld from any substituted trustee because of the discretionary power therein intended to be given only to the sons of the testator and the survivors or survivor of them.

.The testator in this case had eight children, all of whom are named in his will, three sons and five daughters. The record. discloses that the three sons are all older than any of the daughters, the oldest son being nineteen years older than the youngest daughter, and the youngest son being ten years her senior. The youngest daughter at the date of the execution of her father's will, in April, 1888, was but twenty-nine years of age. The last surviving son died in 1904, leaving three of his sisters surviving him, the youngest of whom at the time of his death was forty-five years of age, and is now fifty-two years old, while the oldest is less than sixty years of age.

The trust estate so created was intended by the testator, as was decided by this Court (*Abell* v. *Abell,* 75 Md. 44) to last until the death of the last-surviving daughter. We may reasonably assume that the testator at the time of making his will considered the great difference in the ages of his sons and daughters. If so, as the trust was to last until the death of the last surviving daughter, in the natural order of things he could not have reasonably expected his sons, or the survivor of them, to live during the whole period of the existence of the trust, and to him it should have been apparent that the administration of the trust would fall into other hands prior to its termination.

This trust estate, as the record discloses, was valued at more than three million dollars and was to be managed .and controlled by trustees, not limited to the sons, the survivors or survivor of them, so long as the trust estate existed, and it was only the rents, profits and income therefrom, during the existence of the trust, that the beneficiaries were to receive.

The twentieth item of the will not only confers power to sell the real estate, but also the personal estate, and to invest the proceeds thereof in the class of property therein named, with power to change any investment so made from time to time in other investments of the class mentioned in said clause. By the appellant's contention, this discretionary power is vested only in the designated trustees, their survivors or survivor and is not annexed to the office to be exercised by the substituted trustee.

After setting apart the five-eighths of the rest, residue and remainder of the estate for the benefit of the daughters, and after the conversion of certain property therein named into other property therein specified as rapidly as the same could be done to advantage, the only express power conferred by section sixteen upon the trustees as therein named and described, is the power to hold the said five-eighths parts of the said residue and remainder in trust to collect the rents, incomes and profits arising therefrom, and after the payment therefrom of the necessary expenses and the charges and liens therein mentioned, to pay such net income in equal parts to each of his daughters for the period of her natural life, etc.

At the time of the execution of this will the testator had every reason to believe that the trust estate hereby created would be of long duration. By it he made his sons, who were much older than his daughters, trustees, and in so doing he could not reasonably have thought that they would survive his daughters. It was of the utmost importance that the estate should at all times be productive, in as much as the beneficiaries were to receive only the income, profits and rents from the trust estate during its existence, and that the trustees during the whole period of its existence should be clothed with the necessary powers to maintain its productiveness.

It is difficult for us to conceive that the testator, a man of his vast experience and business capacity should have intentionally conferred the very essential powers found in the twentieth item of his will, including the power of sale,

only upon the designated trustees and their survivors or survivor, and that he should have intentionally withheld these powers from the substituted trustee, conferring upon such trustee only the powers that we find in item sixteen of the will.

"Where the discretionary powers are such as would not belong to the Court because of its jurisdiction over the sub-ject-matter of the trust, independent of the authority of the will, as for instance, where the power is one of selecting the beneficiaries to enjoy the testator's bounty, the Court will not exercise it, and under the rules of law cannot confer such discretion upon the trustee. But it is otherwise where anybody could properly exercise the discretion about the thing to be done; as, for instance, the felling of timber, etc. *Hill on Trusts*, 317, Ambler Reports, 508. When the discretion applies to some ministerial act connected with the estate, such as felling timber, leasing, or *selling the land,* such powers are much more under the control of Courts than those depending upon the exercise of opinion and judgment. *Perry on Trusts*, 454 and cases there cited." *Druid Park Heights* v. *Oettinger,* 53 Md. 46.

Looking to the whole of this will and the objects intended to be secured, we do not think that it can be gathered from the omission of the words "the heirs, executors, administrators and assigns of the survivor" in the twentieth item of the will, that it was the intention of the testator to confer the powers therein contained only upon the designated trustees, the survivors or survivor of them; nor do we think it was a special confidence reposed in them to be exercised only upon their personal judgment and discretion, but that it was a power annexed to the office of trustee to be exercised by any substituted trustee for the purpose of making the trust estate productive and available for the beneficiaries.

It will follow from what we have said that the decree or order of the Court below will be affirmed.

*Decree affirmed, with costs to the appellee.*