# MORRIS TAYLOR *vs.* CHARLES MONMONIER.

*Wills: construction; power of sale to trustee; when attached to the office.*

In interpreting powers of sale given trustees in wills, the question is largely one of intention, to be ascertained from a fair construction of the will and the nature and objects of the trusts thereby created.                    . pp. 104, 105

Where a power of sale was given to a trustee, not by the name of the trustee but to *"the trustee,"* it was *held,* that this power was not a personal one conferred upon the trustee, but a discretionary power attached to the office.   ,       ` p. 106

*Decided February 27th, 1913.*

Appeal from Circuit Court No. 2 of Baltimore City (STUMP, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, THOMAS PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*M. Albert Levison,* for the appellant.

*Wm. J. Garrett,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

John F. Monmonier, of Baltimore City, died on or about the 8th day of June, 1894, leaving a last will and testament, duly executed to pass real and personal property. The will was duly admitted to probate in the Orphans' Court of Baltimore City, and a certified copy is filed as Exhibit A. in this case.

By the first clause of the will, it is provided, "I will and bequeath my whole estate, real, personal and mixed wherever found, also all my rights and claims to my son, Vincent Ignatius Monmonier, in trust, to collect rents, income and profits and apply the same to the joint use of my wife, Catharine A. Monmonier, and my daughter, Isadora Helena Monmonier, during their lifetimes. In case my wife shall survive my daughter the trustee shall pay to her all the income, rents and profits of my estate. If my daughter shall survive my wife the trustee shall pay to her all the income, rents and profits of my estate."

In the second clause, he provides, "After the decease of my wife and daughter, I will and direct that all my estate shall be divided into three equal parts, one-third of which I give and devise to my son, John U. K. Monmonier; one-third to my son, Vincent Ignatius Monmonier, and the other third to my grandson, John F. Monmonier, when he shall arrive at the age of thirty years."

By the third clause of the will, it is provided, "I invest the trustee with full power and authority to sell, lease or otherwise dispose of the property, and to purchase and acquire other property wherever it may be deemed proper in his discretion to do so."

By the fourth and last clause of the will, he provides, "And I hereby appoint my son, Vincent Ignatius Monmonier, to be the executor of this my last will and testament and he shall not be required to give bond or surety except such as may be necessary to cover the State taxes on my personal property."

Catharine A. Monmonier, the wife of the testator, died on the 4th of August, 1899. Vincent Ignatius Monmonier, the trustee and executor named in the will and a son of the testator, departed this life on the 23rd day of June, 1901, after having assumed the duties of the trust, under the will.

On the 29th of June, 1904, upon petition of Isidora H. Monmonier, a daughter of the testator and the surviving life tenant of the estate, under the will, Circuit Court No. 2 of Baltimore City, assumed jurisdiction of the trust, and appointed the appellee, a brother of the testator, as trustee, in the place and stead of the deceased trustee, with power and authority to act, in the execution of the trust, as the deceased trustee, could or might have acted, under the powers conferred by the will.

On the 24th day of February, 1912, the substituted trustee under the power of sale conferred by the will and decree, sold to the appellant, certain fee-simple and leasehold property of the testator, for the sum of six thousand dollars, and reported the sale to the Court. The reasons for the sale are fully set out in the report, and accompanying it is an affidavit of the trustee, that the sale was fairly made, and the affidavits of two real estate agents that the price at which the same was sold, was a fair and reasonable one.

Subsequently, the appellant, as purchaser of the property filed exceptions and objections to the ratification of the sale, upon the ground, that the power to sell the trust estate under the will, was a personal discretion in the original trustee, whenever he may deem proper, and this power to sell, expired with him and did not vest in and cannot be exercised by the substituted trustee, who made the sale.

The Court below overruled the exceptions and ratified the sale, and from this order, an appeal has been taken.

In view of the recent cases, in this Court, upon the construction of wills containing somewhat similar powers of sale, conferred upon trustees, we think this case, is free from

difficulty. In all of the cases, it is held, that the question is largely one of intention to be ascertained from a fair construction of the whole will and the nature and objects of the trust thereby created.

The clause of the will under which the appellee claims the power and authority to make the sale is as follows: Third clause, "I invest the trustee with full power and authority to sell, lease or otherwise dispose of the property, and to purchase and acquire other property wherever it may be deemed proper in his discretion to do so."

It will be seen, that in the power of sale conferred by the will in this case, the trustee is not designated by name, but "the trustee" is invested with power and authority to sell and also to purchase other property whenever it may be deemed proper in his discretion to do so.

The power to sell, is not given to Vincent I. Monmonier, the deceased trustee by name, so as to limit the exercise of this power to him, but it is given to "the trustee," manifesting thereby an intention that the power of sale, and the authority to purchase other property, was "invested" for the object and purpose of the trusts created by testator, and not a personal power conferred by reason of some special confidence reposed in him and to be exercised by him alone.

In *Kennard* v. *Bernard,* 98 Md. 516, this Court said, if from the construction of the will, it appears, that the power lodged with the trustees in connection with the trust is a special confidence reposed in the particular trustee or set of trustees or is to be exercised only upon his or their personal judgment and discretion, such power can only be exercised by the designated donees and will not pass to the substituted trustees. On the other hand if it appears that the power is annexed to the office of the trustee for the purpose of the trust and to promote its objects, then it will pass with the trust to the successors of the original trustees and can be exercised by them.

In *Safe Deposit and Trust Co.* v. *Sutro,* 75 Md. 365, it was held, that a discretionary power to sell and lease, the property, constituting a trust estate, was a discretionary power annexed to the office of trustee, and if the trustees should be removed or renounce the trust, the power could be exercised by any one appointed in their place. JUDGE ROBINSON, in delivering the opinion of the Court, said, "the power thus conferred is in a certain sense, no doubt, a discretionary power, for it is a power to sell, lease or dispose of any and all of the trust property, if the trustees in their judgment, shall deem it best for the interest of the trust estate. But there is a broad distinction between a discretionary power, ministerial in its character and connected with the management of the trust estate, such as the power to sell or lease and a power personal in its character and to be exercised entirely as a matter of personal judgment, as where the discretion is left to trustees to make or withhold a gift or consent to a marriage. It is after all, a question of intention to be ascertained from a fair construction of the whole will and the nature and objects of the trust thereby created."

In *Druid Park Heights Co.* v. *Oettinger,* 53 Md. 46, where property was devised in trust and a discretionary power to sell or lease was conferred on trustees, this Court held, that the power to sell and lease was a mere discretionary power attached to the office of trustee and was not a personal power conferred on the trustees by reason of special confidence reposed in them.

The cases of *Zimmerman* v. *Fraley,* 70 Md. 561; *Lowe* v. *Convention,* 83 Md. 409; *Mercer* v. *Safe Deposit & Trust Co.,* 91 Md. 102 and 119; *Snyder* v. *Safe Deposit & Trust Co.,* 93 Md. 225, illustrate and discuss the two class of cases, and dispose of the contentions of the appellant and appellee on this record.

In the case at bar, it was the clear intention of the testator, that the trust created by the will, should continue from the time of his death, to the death of both his wife and daughter, because, by the second clause of his will, he pro-

vided, after the decease of my wife and daughter, I will and direct that all of my estate shall be divided into three equal parts, one-third of which I give and devise to my son, John U. K. Monmonier, one-third to my son, Vincent Ignatius, and the other third to my grandson, John F. Monmonier, when he shall arrive at the age of thirty years.

It would defeat, we think, the very object and purpose of the trust created by the testator to hold that the power to sell, or otherwise dispose of the property was a personal power conferred on the trustee, and not a discretionary power attached to the office of trustee.

There is nothing in the character, nature or object of the trust, under the will, in this case to justify the conclusion that the testator either meant or intended that the power of sale, should be limited to or should be exercised alone by the deceased trustee, as urged by the appellant. On the contrary, we are of opinion, that the discretionary power in question, in this case, is attached to the office of trustee, and passed with the trust to the appellee, as substituted trustee and can be exercised by him.

It follows from what we have said, that the decree of the 3rd of June, 1912, of Circuit Court No. 2 of Baltimore City, overruling the appellant's exceptions and ratifying and confirming the sale, will be affirmed.

*Decree affirmed, the costs to be paid out of the trust estate.*