GORDON STEWART, Plaintiff, *v.* IDA T. STEWART, Individually and as Trustee under the Will of WILLIAM B. STEWART, Deceased, and Another, Defendants.

Second Department, May 24, 1923.

Wills — devise to wife in trust for life for herself and son, one-third of income to son and two-thirds to wife — on death of wife sister was to act as trustee and to receive one-third of income during life — two life estates were created with remainder to son — son's share of income after death of mother is two-thirds.

A will by which the testator devises all of his property to his wife in trust during her natural life for the benefit of herself and son, and which provides that the income from the estate shall be divided in the proportion of two-thirds to the wife and one-third to the son and that in case of the death of the wife the testator's sister should act as trustee and should receive in lieu of commissions a one-third interest in the income during her life, creates two life estates in the testator's property, the first during the life of the widow, during which the income is to be divided two-thirds to the widow and one-third to the son, and the second during the life of the testator's sister, during which the income is to be divided two-thirds to the son and one-third to the sister, and the remainder, after the termination of the two life estates, is vested in the son.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Morris & McVeigh,* for the plaintiff.

*Frederick W. Stelle,* for the defendants.

KELLY, P. J.:

William B. Stewart of the village of Briarcliff Manor, Westchester county, N. Y., died on September 5, 1922, leaving a last will and testament dated December 18, 1911, which was duly admitted to probate by the surrogate of Westchester county on October 13, 1922. On October 16, 1922, letters of administration c. t. a. were issued to Ida T. Stewart and Gordon Stewart. The testator left him surviving his widow, Ida T. Stewart, and his son, Gordon Stewart (unmarried), his only heirs at law, both of whom were of full age. He also left a sister surviving him, the defendant Mary S. Brewer. It is agreed that the testator died seized of real estate valued at $36,500, subject to a mortgage of $8,000 which has been paid

by the administrator since his death. He left $15,000 in cash, life insurance and other personal property.

The following is the will of the testator:

" I, WILLIAM B. STEWART, being of sound mind and memory, do hereby declare this to be my last Will and Testament, annulling any Will heretofore by me made.

" I give to my wife, Ida Thompson Stewart, any and all properties of which I may die possessed, to be held in trust by her, without bond, during her natural life, for the benefit of herself and our son, Gordon Stewart: the income therefrom to be divided in the proportion of two-thirds to herself, and one-third to the said Gordon Stewart.

" In the case of the death of the said Ida Thompson Stewart, I hereby appoint as Trustee my sister, Mary Stewart Brewer, and I give the said Mary Stewart Brewer in lieu of commission, a one-third interest in the income of said trust, during the life of the said Mary Stewart Brewer.

" Witness my hand & seal this 18th day of December, 1911, & declared to be my Will.

" WM. B. STEWART [SEAL]

" New York City

U. S. A.

" Witness:

" CATHARINE HOUGHTALING

" 274 Canal Street, N. Y. City.

" Witness:

" J. FREDERIC HAHN,

" 119 East 35th St., N. Y. City."

The widow and son are desirous of selling the real estate, which is unproductive, and they are unable to maintain it. In order to effect a sale and convey good title they ask the court to construe the will. The plaintiff contends that it is so vague that it should be declared void for indefiniteness and ambiguity, and that the title to the real estate should be declared to be in the plaintiff, Gordon Stewart, son of the testator, subject to the dower right of his widow, the defendant Ida T. Stewart.

The plaintiff makes affidavit as required by Civil Practice Act, section 546, that the controversy is real and that the submission is made in good faith for the purpose of determining the rights of the parties. It is difficult to ascertain what the " controversy " is, because the defendant Mary S. Brewer, the sister of the testator, agrees with her sister-in-law and nephew and " makes no claim to the said real estate either individually or as successor trustee under said will and prays that this court render such

judgment as between the plaintiff and the defendant    *   *   *    as may be just and proper."

However, it appears that the submission is made in good faith for the purpose of determining the rights of the parties, and we proceed to examine the will. Whether it was drawn by the testator himself, as suggested in the brief, I do not know. Apparently it was not drawn by a lawyer; no provision is made as to the remainder after the termination of the life estate or estates and no executors are appointed. Neither provision is essential to validity. As to the undevised remainder, it would go to the plaintiff, the only son and heir of the testator. (See Decedent Estate Law, § 81 *et seq.*) Nor does the apparent agreement of the parties, evidenced by the submission, help us. The question is not what the parties want, but what the dead man intended.

The intention of the testator must be ascertained from the will itself if it there clearly appears, without resort to extraneous matters or to rules of construction announced by the courts in determining controversies over other wills. (*Matter of Buechner*, 226 N. Y. 440; *Cammann* v. *Bailey*, 210 id. 19, 30; *Salter* v. *Drowne*, 205 id. 204; *Fulton Trust Co.* v. *Phillips*, 218 id. 573, 582; *Snyder* v. *Snyder*, 182 App. Div. 65.) While we are cautioned against too " rigid literalism " (*Matter of Fordham*, 235 N. Y. 384), the intention of the testator in the case of this will seems to be clear. I think he intended to create a life estate in his property during the life of his wife Ida; during her life the income was to be divided two-thirds to the widow and one-third to the son. " In the case of the death of the said Ida Thompson Stewart," he gave one-third of the income to his sister " during the life of the said Mary Stewart Brewer." The property was to be held in trust by the widow during her life, the income to be divided as indicated; in the event of the death of the widow the trust was continued; his sister, Mrs. Brewer, was appointed in place of the deceased wife, " and I give the said Mary Stewart Brewer in lieu of commission, a one-third interest in the income of said trust, during the life of the said Mary Stewart Brewer." The testator died intestate as to the remainder after the death of the second life tenant, but there is no difficulty in determining that such remainder went to the son, the only heir at law of the testator. The argument of the plaintiff that the trust created during the life of Mrs. Brewer was to take effect only in case of the death of Mrs. Stewart before the testator, is not sound. " The rule is well settled by authority and precedent that when there is a devise or bequest *simpliciter* to one person and in case of his death to another, the contingency referred to is a death in the life-time of the testator.   *   *   *    But this rule

has no application when the first devisee or legatee takes a life estate and is applied only when the prior gift is absolute and unrestricted." (*Fowler* v. *Ingersoll*, 127 N. Y. 477, 478.)

If we avoid "excision" which is "a desperate remedy," and avoid rejecting words in the will which by reasonable construction may be considered consistent and significant (*Matter of Buechner, supra*), it seems to me that it is clear the testator contemplated a continuance of the trust during the lifetime of his sister.

The plaintiff argues that "The true intent of the testator was to create a trust for the lives of three persons in being," and "we must necessarily assume that the primary purpose was to guarantee Gordon an income for life." The continuance of the trust is expressly limited to two lives in being — the widow and the sister of the testator. There is no suggestion of an income to the son "for life." If he survived his mother and aunt, he took the fee. If he died during the trust, the remainder vested in his heirs at law. The plaintiff argues with reference to the second life estate, " No directions were there given for the disposition of the one-third of the income remaining under the second paragraph of the will which prescribes one-third for Gordon and one-third for Mrs. Brewer." There is no provision in the 2d paragraph of the will that Gordon shall receive but one-third of the income; on the contrary, I think it is plain that whereas during the life of his mother she received two-thirds of the income and Gordon one-third, on the death of the mother one-third of the income goes to Mrs. Brewer and the remaining two-thirds to Gordon, during the life of the sister of the testator.

The conclusions thus reached require a judgment construing the will of the testator as providing for the creation of two life estates in the testator's property, the first, during the life of the widow, defendant Ida T. Stewart, during which the income is to be divided two-thirds to the widow and one-third to the son, plaintiff Gordon Stewart; the second, during the life of the testator's sister, defendant Mary S. Brewer, during which the income is to be divided two-thirds to the son and one-third to said Mary S. Brewer, and that the remainder after the termination of the two life estates is vested in the plaintiff son. Judgment is directed accordingly, and according to the terms of the submission, without costs.

RICH, JAYCOX, MANNING and KAPPER, JJ., concur.

Judgment directed in accordance with opinion, and according to the terms of the submission, without costs.