JOHN S. HELFRICH ET AL. *v.* ANITA H. DANDY.
[No. 88, October Term, 1930.]

*Decided January 16th, 1931.*

The cause was· argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

Charles S. H. Lockman, for the appellants.

Herman M. Moser, with whom were Lehmayer & Moser on the brief, for the appellee.

Urner, J., delivered the opinion of the Court.

In this amicable suit for the specific performance of a contract for the sale of certain real estate in Baltimore, the question is whether the vendor is able to convey to the purchaser a good and marketable title. The property was acquired by the vendor in 1923 by conveyance from the trustee under a deed of trust executed, in 1915, by Harry P. Goldsborough and wife, vesting a large estate in the trustee for the joint benefit of the grantors for life, with remainder to their ten children. The deed from the trustee to the present vendor was executed about two years after both of the life estates granted by the deed of trust had expired. A doubt has been expressed by the present purchaser as to whether the trustee was authorized to make a sale of the property at that time. It appears from the agreed statement of facts in the record that the trustee had no earlier opportunity to make the sale advantageously, and that the property was not susceptible of an equal division in accordance with the terms of the trust.

The following are the only provisions of the deed of trust which need be quoted for the purposes of this inquiry. .

"Upon the death of the last survivor of the grantors herein this trust shall forthwith terminate and the entire estate shall be equally divided among the ten children of the said Harry P. Goldsborough and Helena Goldsborough, his wife, share and share alike."

"The said trustee shall not be required to give bond for the faithful performance of his trust and shall have full power at any or all times to sell and dispose of any of the property, real, personal and mixed, hereby conveyed to him

or which may at any time be a portion of this estate with the sanction of any court nor shall any purchaser from him in any manner be required to look to the application of the purchase money. * * *

The suggestion that the trustee may have been without power to sell the property after the death of the surviving grantor is based upon the provision that the trust should then terminate. But that provision must be construed in relation to the direction, which immediately follows it, that the estate should be equally divided among the remaindermen. The duty of making the division was clearly intended to be performed by the trustee. It was essential to the complete fulfillment of the trust which the deed created. An equal division, with respect to the real estate in question, could be accomplished only by a sale and distribution of the proceeds. "The full power" conferred upon the trustee "at any or all times to sell and dispose of any of the property" conveyed by the deed of trust was amply sufficient to validate his sale and conveyance of the title proffered in this proceeding. The conclusion to that effect is required by the evident intent of the deed of trust, which is the controlling consideration and is in accord with principles of interpretation which this court has heretofore approved. *Taylor v. Monmonier,* 120 Md. 101, 87 A. 513; *Preston v. Safe Dep. & Tr. Co.,* 116 Md. 211, 81 A. 523; *Schmidt v. Hinkley,* 115 Md. 330, 80 A. 971; *Dodson v. Ashley,* 101 Md. 513, 61 A. 299; *Shirk v. Trundle,* 96 Md. 177, 53 A. 928; *Johns Hopkins University v. Middleton,* 76 Md. 186, 24 A. 454; *Ogle v. Reynolds,* 75 Md. 145, 23 A. 137.

The decree below provided for the specific performance of the contract of sale on the ground that the title was good and marketable. As we agree with that view, the decree will be affirmed.

*Decree affirmed, with costs.*