In the Matter of the Estate of JOHN P. GRANT, Deceased.

Surrogate's Court, Delaware County, April 28, 1933.

*Govern & McClenthen*, for the executrix.

*Hamilton J. Hewitt*, special guardian for Marian Powell Taylor and Martha Danforth Taylor, infants.

O'CONNOR, S. This is an application for the judicial construction of paragraph sixth of decedent's will which reads as follows: "*Sixth*. All the rest, residue and remainder of my estate, real personal or mixed, wheresoever situated, of which I may die seized or possessed, I give, devise and bequeath to my daughter Helen G. Taylor, the executrix hereinafter named, in trust nevertheless for the use and benefit of my wife Carrie E. Grant and my said daughter Helen G. Taylor, during their respective lives; the principal sum to be safely invested in securities authorized for Trust Funds and the interest or income therefrom to be paid to my said wife and daughter equally when received, so far as possible."

It is apparent from a reading of the sixth paragraph of said will that the testator neglected to direct to whom the income should be paid on the death of one of the beneficiaries and also neglected to make any disposition of the corpus of the fund on the termination of the trust, and it becomes the duty of the court to determine these questions.

The testator left him surviving his widow, Carrie E. Grant, and his daughter, Helen G. Taylor, as his sole surviving heirs at law and next of kin. The widow will undoubtedly predecease the daughter, but the contingency may happen that the daughter will die first.

The will of the testator names his daughter, Helen G. Taylor, as trustee of the trust and she is also one of the beneficiaries. This does not render the trust void. (*Woodward* v. *James,* 115 N. Y. 346, at p. 357; *First National Bank* v. *Miller,* 24 App. Div. 551.)

The first question that naturally arises is what becomes of the corpus of the estate and the income to which the widow is entitled during her lifetime if the widow should die intestate leaving the daughter her surviving. Where there is a life estate given in the will and the corpus of the estate is not disposed of by the testator it vests in his heirs at law and next of kin as at the time of his death. (*Clark* v. *Cammann,* 160 N. Y. 315; *Doane* v. *Mercantile Trust Co.,* Id. 494; *Matter of Tompkins,* 154 id. 634.) The widow and daughter being the heirs at law and next of kin of testator at the time of his death, the corpus of the estate vests in the widow and daughter; one-third to the widow; two-thirds to the daughter. On the death of the widow, intestate, her share of the corpus would vest in the daughter as sole heir at law and next of kin of the widow. The part of the income from the trust fund which will be paid to the widow during her lifetime also vests in the daughter, if the widow dies intestate, because section 63 of the Real Property Law provides in part as follows: " When, in consequence of a valid limitation of an expectant estate, there is a suspension of the power of alienation, or of the ownership, during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate."

By section 11 of the Personal Property Law this provision of section 63 of the Real Property Law is made applicable to personal property. (*Matter of Kohler,* 231 N. Y. 353, at pp. 374, 375.) The persons entitled to the next eventual estate here are the widow and daughter and the widow dying intestate the daughter would succeed to the widow's share of the income as the heir at law and next of kin of the widow. The daughter, therefore, on the death of the widow, would be entitled to the entire corpus of the estate and also all the income and the entire estate would vest in her absolutely.

It seems to the court that it was the intention of the testator that the trust continue until the death of both of the beneficiaries. (*Stewart* v. *Stewart,* 205 App. Div. 587, at p. 590.) Therefore, in case the widow should die leaving her surviving the daughter and a will devising and bequeathing her share of the corpus of the estate to a person other than the daughter, one-half of the income would follow the corpus of the estate and be payable to the legatee to whom the widow bequeathed her share of the corpus of the

fund. At the death of the testator two-thirds of the corpus of the trust fund vested in the daughter and one-third thereof in the widow and the person to whom the widow bequeathed her one-third interest in the corpus of the fund would also be entitled to receive one-half of the income from the trust fund during the lifetime of the daughter and on the death of the daughter would be entitled to receive one-third of the corpus absolutely.

In case the daughter should predecease the widow and die intestate, her share of the corpus of the estate, to wit, two-thirds, would vest in her surviving children and they would also be entitled to receive one-half of the income during the lifetime of the widow and on the death of the widow would become vested with the absolute title to two-thirds of the corpus of the estate. On the death of the widow intestate after the death of the daughter the grandchildren would also become vested with the one-third share of the widow in the corpus of the estate and, therefore, would become entitled to the entire trust fund absolutely.

In case the daughter should die before the widow and leave a will bequeathing her two-thirds share of the corpus of the trust fund, then the legatee of her portion of the trust fund would also be entitled to one-half of the income of the trust fund during the lifetime of the widow and become vested with two-thirds of the corpus of the trust fund on the death of the widow. On the death of the daughter a trustee would have to be appointed by the court to carry out the provisions of the trust.

The attorneys for the executrix have argued with a great deal of force that the trust established by the testator in the sixth paragraph of his will is divisible into two parts, each made up of one-half of the residue. We are unable to agree with them and fail to find any intent on the part of the testator to create two separate trust funds. In our opinion the testator intended to and did create a single individual trust fund made up of the residuary of the estate including both real and personal property. As was said by the court in *Sweet* v. *Schliemann* (95 App. Div. 266), " the estate vesting in a trustee is the whole trust estate, and her interest, as well as the equitable interest of the other beneficiaries in the trust, pervades every part of the property, and cannot be separated. As the trust was good in its inception, and was indivisible, the partial interest of the trustee may not intervene to defeat the execution of the power." (See, also, *Rankine* v. *Metzger*, 69 App. Div. 264.)

A decree may be prepared accordingly.