In the Matter of the Accounting of E. MILTON DUNLAVEY, as Executor of ANNA COLLOPY, Deceased, Appellant. JOSEPH LYNCH et al., Respondents.

Fourth Department, April 29, 1959.

*Robert E. Murrin* for appellant.

*Vedder & Crowley (Earl C. Vedder* of counsel), for E. J. Lynch and another, respondents.

*Anthony De Rose,* special guardian for Bonnie Lynch and others, infants, respondents.

*Shane & McCarthy* for Edward J. Lynch, Jr., respondent.

*Per Curiam.* Anna Collopy died testate on January 3, 1955. Certain beneficiaries filed objections to the final account for failure of the executor to account for proceeds of the sale of real property at 303 West State Street, Olean, and further objected to the executor's attempt to charge debts and administration expenses against specific bequests and devises and not against the proceeds of the sale of the 303 State Street property. At issue is the construction of three paragraphs of testator's will.

In paragraph ELEVENTH of the will, the 303 West State Street property is devised outright to E. Milton Dunlavey. Paragraph THIRTEENTH provides: " THIRTEENTH: It is my desire to sell the premises known as No. 303 West State Street, Olean, New York, during my lifetime if I can obtain an adequate price for the said premises. In the event I do make such sale, I give and bequeath the proceeds, or the balance remaining of said proceeds at my death, to my nephew, E. Milton Dunlavey."

Paragraph FIFTEENTH provides: " FIFTEENTH: I anticipate that at the time of my death there shall be a sufficient amount in my bank accounts to pay all the bequests and devises hereinbefore made, as well as all of my debts, funeral expenses, costs of the administration of my estate and estate transfer or inheritance taxes. If such be the case, I direct that all specific and general bequests and all devises be without deduction for any such taxes, expenses or debts. If my estate be insufficient

to do so, I direct that any part or all of the proceeds of the sale mentioned in paragraph thirteen shall be applied to the payment of such taxes, expenses, or debts. If there be no such sale during my lifetime or, if after the application of such fund to the payment of taxes, expenses, or debts, there shall be insufficient funds to pay all bequests and devises without deduction, I direct that each such specific or general bequest or devise shall bear its pro rata share of the said taxes, expenses or debts. If necessary, I direct that my said executor shall collect the rents of my real property to pay the said taxes, expenses or debts.''

The Surrogate has found the cited provisions of the will obscure and ambiguous and has gone outside of the will to determine the circumstances surrounding the execution of the will and the events following. Adopting objectants' contention, the Surrogate found that the testatrix intended to treat the 303 West State Street property specially and use it as a buffer for the payment of costs and expenses in the event her bank accounts were insufficient to meet these expenses.

We believe this construction is contrary to the express terms of the will. It is a well-established principle that whenever possible the intention of a testator must be ascertained from the will itself. (*Matter of Watson*, 262 N. Y. 284; *Stewart* v. *Stewart*, 205 App. Div. 587; *Cammann* v. *Bailey*, 210 N. Y. 19.)

Intention is to be gathered from the will read as a whole (*Matter of Jones*, 306 N. Y. 197) and resort should not be made to extrinsic evidence unless the will is unclear and the testator's intention cannot be ascertained. (*Cammann* v. *Bailey, supra*; 3 Jessup Redfield, Surrogates' Practice, §§ 1860, 1863; 2 Page, Wills, § 919.)

The will in the present case is clear. Testatrix favored her nephew executor Milton Dunlavey, and gave him the largest share of her estate. In paragraph THIRTEENTH, testatrix expressed a desire to sell the 303 West State Street property during her lifetime and, in event of such a sale, she bequeathed the proceeds to Dunlavey. This event did not occur. In paragraph FIFTEENTH, testatrix expressed her anticipation that her bank accounts would be sufficient to pay debts and expenses. In the event her estate was insufficient, as in fact it was, she clearly directed that proceeds from the sale anticipated in paragraph THIRTEENTH be used to pay these expenses. But, '' If there be no such sale * * * I direct that each such specific or general bequest or devise shall bear its pro rata share '' of expenses. It is this latter contingency which occurred. Clearly the 303 West State Street property was not to be used for the payment of expenses if it was not sold during testatrix' lifetime and

if the bank accounts did not meet expenses. To disregard the words " If there be no such sale " and substitute the words " whether or not there be such sale " would be contrary to the clearly expressed intention of the testatrix and the objections in this connection should have been sustained.

The decree should be reversed on the law and facts and the matter remitted to the Surrogate's Court for further proceedings in accordance with this opinion.

All concur. Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

Decree reversed on the law and facts, without costs of this appeal to any party and matter remitted to the Surrogate's Court for further proceedings in accordance with the opinion.